IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BLACK; EARL BLACK, Administrators of the Estate of DERECK E. BLACK, <br><br>Plaintiffs, <br><br>v. <br><br>ALLEGHENY COUNTY; ALLEGHENY COUNTY CORR. SERVICES; WILLIAM S. STICKMAN, III; DANA PHILLIPS; MICHAEL PATTERSON, M.D.; LUCILLE AIKEN, M.D.; KIM WILSON, M.D.; TRACY HARTEL, R.N.; CHRIS MARSH, R.N.; VALERY SLEPSKY; MEDICAL STAFF JOHN AND JANE DOES No. 1-15; CORRECTIONAL STAFF JOHN AND JANE DOES No. 1-15, <br><br>Defendants. | Civil Action No. 2:13-00179 <br><br>District Judge David Stewart Cercone <br>Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM OPINION AND ORDER**

In this civil rights action brought pursuant to 42 U.S.C. §1983, the Court considers a "Motion to Dismiss" filed on behalf of Defendants, Allegheny County Correctional Services, Dana Phillips, Michael Patterson, M.D., Lucile Aiken, M.D., Kim Wilson, M.D., Tracy Hartel, R.N., Chris Marsh, R.N., Valery Slepsky, Medical Staff John and Jane Does No. 1 -15, and Correctional Staff John and Jane Does No. 1-15 (collectively, "the Medical Defendants"). [ECF

No. 32].[1] The Court has reviewed the Motion and finds that it is most appropriately considered and evaluated under the law applicable to a Motion to Strike pursuant to Fed. R. Civ. P. 12(f).[2]

In their Motion, the Medical Defendants claim that the Amended Complaint contains materials and comments that are not only superfluous to the cause of action raised by the Plaintiffs, but also immaterial, impertinent and/or scandalous. They contend that certain allegation are unnecessarily harsh, vague, irrelevant to this litigation, besmirch the reputation of the Medical Defendants, and refer to time periods preceding this litigation and to cases involving inmates not relevant here. According to the Medical Defendants, "these irrelevant allegations . . . could . . . force the Defendants to retry matters currently in litigation, to delve into the private health information of [other inmates], and increase the scope and length of duration [sic] unnecessarily." [Id. at 23]. These Defendants thus ask the Court to strike the Amended Complaint in its entirety, and direct that Plaintiffs file a new Complaint "which contains no materials which violate FRCP 12(f)." [Id. at p.3].

Rulings on motions to strike rest in the sound discretion of the Court. See Dougherty v. Advanced Wings, LLC, No. 13-CV-447, 2013 WL 2434991 at *1 (M.D. Pa. June 4, 2013). See also Krisa v. Equitable Life Assur. Soc., 109 F. Supp.2d 316, 319 (M.D. Pa. 2000). As Plaintiffs note, the law establishes that granting "[r]elief under Rule 12(f) is generally disfavored and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in this case." Mobile Conversions, Inc., v. Allegheny Ford Truck Sales, Inc., No. 12-1485, 2013 WL 1946183 at *3

---

[1] The facts of this matter are well known to the parties and are set out in a Report and Recommendation [ECF No. 38] addressing the Motion to Dismiss filed on behalf of William Stickman, III and Allegheny County. [ECF No. 29] Thus, the Court need not repeat them here.

[2] This rule provides, in relevant part, that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

(W.D. Pa. May 9, 2013). Much of what these Defendants deem irrelevant is, in fact, pertinent to establishing a custom, policy, and knowledge on the part of the municipal defendants for purposes of surviving the remaining Defendants' Motion to Dismiss. [ECF No. 29].

As to besmirching the reputation of the Medical Defendants, the Court finds that these parties have not shown prejudice as a result of allegations that, in any event, do not exceed the bounds of those made in virtually all section 1983 medical care cases.[3] Courts have regularly required that the moving party demonstrate prejudice before the court will strike a pleading. See Great West Life. Assur. Co. v. Levithan, 834 F. Supp. 858, 864 (E.D. Pa. 1993) ("Motions to strike are often not granted if there is an absence of a showing of prejudice to the moving party.").

Finally, with respect to the Medical Defendants' allegation that the Amended Complaint may create the necessity to retry matters currently in litigation and to reveal health information of non-parties, these issues, should they arise, are well within the Court's ability to manage as litigation progresses.

For the reasons set out above, IT IS NOW, this 11th day of June, 2013, ORDERED that the Motion to Dismiss filed at [ECF 32] is DENIED. It is further ORDERED that the Medical Defendants file a response to the Amended Complaint within fourteen days of the docketing of this Order.

---

[3] The Court certainly understands why Nurse Marsh, who, according to her counsel, suffered from a knee condition serious enough to require surgery, would be offended at being called "lazy" because she did not walk from cell to cell. It is not yet clear, however, that this allegation has no bearing on the subject matter of this suit. Consequently, the Court declines to strike it. See Trivedi v. Slawecki, No. 11-cv-02390, 2013 WL 1767593 at *1 (M.D. Pa. April 24, 2013) (quoting 5D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 for proposition that "general judicial agreement, as reflected in the extensive case law on the subject [is] that [motions to strike] should be denied unless the challenged allegations have no possible possible relation . . . to the action"). See also Zaloga v. Provident Life and Accident Ins. Co. of Am., 671 F. Supp. 2d 623, 633 (M.D. 2013) (explaining that because motions to strike are not favored, court will generally not grant such a motion unless material to be stricken bears no possible relationship to the controversy and may cause prejudice to a party) (emphasis added).

By the Court,

_____
Cynthia Reed Eddy
United States Magistrate Judge

cc:   Counsel of Record via CM-ECF