# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BLACK; EARL BLACK, Administrators of the Estate of DERECK E. BLACK, <br><br> Plaintiffs, <br><br> v. <br><br> ALLEGHENY COUNTY; ALLEGHENY COUNTY CORR. SERVICES; WILLIAM S. STICKMAN, III; DANA PHILLIPS; MICHAEL PATTERSON, M.D.; KIM WILSON, M.D.; CHRIS MARSH, R.N.; VALERY SLEPSKY; MEDICAL STAFF JOHN AND JANE DOES No. 1-15; CORRECTIONAL STAFF JOHN AND JANE DOES No. 1-15, <br><br> Defendants. | Civil Action No. 2:13-00179 <br><br> District Judge David Stewart Cercone <br> Magistrate Judge Cynthia Reed Eddy |

## MEMORANDUM ORDER

On February 4, 2014, Stanley Winikoff, counsel for the medical Defendants, filed "Defendants' Motion to Compel Appearance and Testimony of Sherry Anderson at Deposition." (ECF No. 110). Mr. Winikoff attached a Subpoena directed to witness Sherry Anderson in support of his motion. (ECF No. 110-17-19).

Mr. Winikoff states in his Motion that Mr. Wayne Ely, counsel for Plaintiffs, represents Ms. Anderson in another case, not related to this litigation. At the February 3, 2014 hearing on Plaintiff's prior motions for sanctions (ECF Nos. 91, 94), Mr. Ely advised the Court that he had filed a motion to withdraw as counsel for Ms. Anderson in the other case. In his Response to Mr. Winikoff's motion for fees and expenses, Mr. Ely stated that the only reason that his firm still

1

represents Ms. Anderson is through Mr. Winikoff's bad faith objection to Mr. Ely's motion to withdraw in the other case.[1] Mr. Ely made Mr. Winikoff aware that he did not have control over Ms. Anderson such that he could force her to be deposed at the Show Cause Hearing held before this Court on December 13, 2013. Moreover, in the present motion, Mr. Winikoff acknowledges that he has knowledge that Mr. Ely no longer represents Ms. Anderson. Nevertheless, Mr. Winikoff complains that he had to go to the "unnecessary and unjustified expense" to subpoena Ms. Anderson's deposition in the instant matter.[2] Mr. Winikoff requests that Mr. Ely be required to pay for Mr. Winikoff's time and expense in preparing for Ms. Anderson's deposition. Mr. Winikoff does not cite any authority for his proposition that Mr. Ely should be held responsible for those expenses. Mr. Ely does not contest the enforcement of the subpoena against Ms. Anderson, but opposes Mr. Winikoff's request that the Court order Mr. Ely to pay Mr. Winikoff's fees and expenses in preparing for Ms. Anderson's deposition.

It is undisputable that Ms. Anderson is not a party to this matter and that a valid subpoena is required to require the attendance of a non-party. In an attempt to compel Ms. Anderson to testify at a deposition on January 7, 2014, Mr. Winikoff noticed Ms. Anderson with a subpoena. However, the subpoena issued by Mr. Winokoff was facially invalid for several reasons. *See* Fed. R. Civ. P. 45. First, Mr. Winikoff incorrectly noticed both the date and time of the deposition. The subpoena appears to have been completed by Mr. Winikoff on December 20,

---

[1] On December 30, 2013, Mr. Winikoff sent an e-mail to W. Charles Sipio, an associate at Mr. Ely's office, stating that he did not object to Plaintiff's counsel withdrawing from representing Ms. Anderson. (ECF No. 112-2). However, according to Mr. Ely, on January 31, 2014, Mr. Sipio appeared for what he believed was an uncontested motion, but Mr. Winikoff sent his associate, Shawn D. Kressley, to contest the motion. Because the matter was not listed for argument, Mr. Sipio had to wait for two hours before it could be argued. Mr. Sipio's motion was ultimately denied on procedural grounds. This resulted in Mr. Sipio missing his flight back to Philadelphia and will also result in additional expenses incurred by Plaintiff's counsel to travel back to Pittsburgh to present a new motion to withdraw as Ms. Anderson's counsel. The Court finds Mr. Ely's recitation of the events to be credible and Mr. Winkikoff's tactics to be unprofessional.

[2] In his motion, Mr. Winikoff asserts that Ms. Anderson was served with two separate subpoenas. However, Mr. Winikoff only provided one subpoena with this motion. Therefore, the Court can only analyze the validity of the subpoena attached to the motion.

2013 and received by the server on December 23, 2013. The subpoena stated that the date and time for the deposition was "**12/20/2013 12:33 am.**" (ECF No. 110-1) (emphasis added). Ms. Anderson was purportedly served with the subpoena on January 2, 2014, which was thirteen days after the date and time listed on the subpoena.[3] Thus, at the time Ms. Anderson was served with the subpoena, the date and time of the deposition stated on the subpoena had already passed.

Mr. Winikoff asserts that he attached a copy of a "Notice of Deposition of Sherry Anderson" with the subpoena. This notice was addressed to Mr. Ely and states that the deposition of Ms. Anderson was scheduled for January 7, 2014. (ECF No. 110-1). This document simply does not cure the facially invalid subpoena and was ineffectual to require the attendance of a non-party.[4] Moreover, even if the subpoena completed by Mr. Winikoff was facially valid and stated an accurate date and time for the deposition, it would be unreasonable under the circumstances to expect Ms. Anderson to appear for a deposition with less than five days' notice, especially considering Mr. Winikoff did not tender a witness fee and the deposition was scheduled during normal work hours. *See* Fed. R. Civ. P. 45(b)(1)("serving a subpoena **requires** delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law") (emphasis added).

With respect to Mr. Winikoff's position that he should be granted attorney's fees and expenses, such a request is utterly without foundation, contrary to the Federal Rules of Procedure and applicable case law, and a waste of court resources. Likewise, Mr. Winikoff has wasted Mr. Ely's time in requiring him to respond to such a meritless motion.

---

[3] The process served noted that the subpoena was served upon Ms. Anderson on "1-2-14 at 3:45 pm."
[4] While the Court notes that this particular subpoena provided by Mr. Winikoff is unenforceable, if the other subpoena that was allegedly served on Ms. Anderson is valid, the Court may enforce it on motion of the parties.

The Court may impose a wide range of sanctions on a party that "fails to obey an order to provide or permit discovery." *See* Fed. R. Civ. P. 37(b)(2)(i) – (vii). Additionally, the Court is not limited to the sanctions listed in Rule 37(b). *Id.* "The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976)). Moreover, Rule 37(b)(2)(C) provides that "the court must order the disobedient party. . .to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, Mr. Ely does not represent Ms. Anderson in this litigation and is not the disobedient party. Consequently, Mr. Ely should not be forced to pay Mr. Winikoff's fees and expenses for Mr. Winikoff's own errors and lack of vigilance in completing a basic subpoena. One could speculate that Mr. Winikoff's motion for fees and expenses was filed in retaliation to Mr. Ely's meritorious motions for sanctions. (ECF Nos. 91, 94, 108, 113). If the Court had any evidence to support this conjecture, Mr. Winikoff could potentially be subject to personal sanctions for such behavior. In short, Mr. Winikoff's motion for fees and expenses is baseless. The Court instructs Mr. Winikoff to refrain from filing such unsupported motions in the future.

Therefore, for reasons stated above, Mr. Winikoff's Motion to Enforce the subpoena is **DENIED**.

Further, Mr. Winikoff is **ORDERED** to issue a valid subpoena that complies with Rule 45 of the Federal Rules of Civil Procedure, to Ms. Anderson for purpose of taking her deposition

at a date and time that is also convenient with plaintiff's counsel. That date shall not be beyond March 14, 2014.

Further, Mr. Winikoff is **ORDERED** to file a notice with the Court, attaching a copy of the valid subpoena, on or before February 21, 2013. Should Ms. Anderson fail to comply with the subpoena, the Court will entertain a properly documented Motion to Compel, as well as a request for appropriate sanctions.

Further, Mr. Winikoff's request that expenses be imposed against Mr. Ely is **DENIED**.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.C.2 of the Local Rules for Magistrate Judges, Defendants are allowed until **February 26, 2014** to file an appeal to this Memorandum Order. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

By the Court,

s/ Cynthia Reed Eddy_____
Cynthia Reed Eddy
United States Magistrate Judge

cc: Counsel of Record via CM-ECF