IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BLACK; EARL BLACK, ADMINISTRATORS OF THE ESTATE OF DEREK BLACK, <br><br> Plaintiffs, <br><br> v. <br><br> ALLEGHENY COUNTY; ALLEGHENY COUNTY CORRECTIONAL HEALTH SERVICES; MIGUEL SOLOMON; WILLIAM S. STICKMAN, III; DANA PHILLIPS; MICHAEL PATTERSON, M.D.; KIM WILSON, M.D.;CHRIS MARSH, R.N.; VALERIE SLEPSKY; MEDICAL STAFFJOHN AND JANE DOES 1-15; CORRECTIONAL STAFF JOHN AND JANE DOES 1-15 <br><br> Defendants. | Civil Action No. 13-0179 <br><br> Judge David Stewart Cercone <br> Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM ORDER**

This action was initiated on February 1, 2013. (ECF No. 1). Since then, there have been several discovery problems, causing the Court to amend numerous case management orders. Additionally, due to the conduct of the defense attorneys, the Court has had to spend countless hours on conference calls with counsel and sorting through motions to compel, motions for sanctions, and show cause hearings. While the conduct of counsel for the County Defendants has improved, the same cannot be said about the counsel for the Medical Defendants, Stanley Winikoff. Notwithstanding a myriad of orders to the contrary, Mr. Winikoff continues to

1

disregard this Court's orders, the applicable law, federal and local rules of procedure, and professional courtesy to opposing counsel.

Upon the close of discovery, this Court allowed Plaintiffs to file a Second Amended Complaint, which they did on March 19, 2014. (ECF No. 140). On April 2, 2014, the County Defendants filed an Answer and Affirmative Defenses. (ECF Nos. 145, 145). Mr. Winikoff, as counsel for the Medical Defendants, however, did not file a responsive pleading to the Second Amended Complaint.

On April 17, 2014, Plaintiffs filed a Request for Entry of a Default against the Medical Defendants pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 153).[1] About two hours later, Mr. Winikoff filed a Motion to Dismiss for Failure to State a Claim and Motion to Strike the Second Amended Complaint in the same document and a Brief in Support thereof. (ECF Nos. 154, 155).[2] Said documents filed by Mr. Winikoff violate the Federal Rules of Civil Procedure, the Local Rules of Court, and this Court's Chambers' Rules.[3] These documents were filed more than fourteen days after the Second Amended Complaint was filed, and therefore, are untimely. *See* Fed. R. Civ. P. 15(a)(1)(3). Additionally, the Motion to Dismiss and Motion to Strike were filed as one document. *See* L.Cv.R. 5.1.F. Moreover, the Brief in Support is improperly single-spaced. *See* Judge Eddy's Chambers' Rule II.B.4. Because the Brief was fifteen pages and single-spaced, it also violates the rule regarding page limitations. *See* Judge Eddy's Chambers' Rule II.B.1. Therefore, the Court will strike said Motion to Dismiss and Strike (ECF No. 154) as well as the Brief in Support thereof (ECF No. 155) for failure to comply with the applicable rules.

---

[1] The timestamp on CM-ECF reflects that this document was filed at 3:48 p.m.
[2] The Motion to Dismiss and Strike was filed at 5:55 p.m. The Brief in Support was filed at 5:58 p.m.
[3] The Court also observes that these documents appear to be filed in bad faith. At this stage of the litigation, it is nonsensical for Mr. Winikoff to actually think that these documents had any merit.

Almost two hours after Mr. Winikoff filed the Motion to Dismiss and Strike the Second Amended Complaint and the Brief in Support, Mr. Winikoff filed a Motion to Strike Plaintiffs' Request for Entry of a Default on April 17, 2014. (ECF No. 156).[4] Said Motion asserts, in essence, that entry of a Default is inappropriate because the Medical Defendants filed a responsive pleading. The Court notes, however, that Mr. Winikoff never acknowledges or explains why the Medical Defendants failed to timely respond to the Second Amended Complaint. Once again, Mr. Winikoff ignored the applicable procedural rules and tried to circumvent the correct procedure altogether. It is irrelevant that Mr. Winikoff responded to the Second Amended Complaint after he saw Plaintiffs request entry of a default and before the Clerk of Court had a chance to entertain that request. Therefore, the Court will strike the Medical Defendants' Motion to Strike Plaintiffs' Request for Entry of a Default (ECF No. 156) and Brief in Support thereof (ECF No. 158).

**AND NOW** this 22nd day of April, 2014, the Court hereby **ORDERS** the following:

The Medical Defendants' Motion to Dismiss and Strike and Brief in Support thereof (ECF Nos. 154, 155) are **STRICKEN**.

The Medical Defendants' Motion to Strike Plaintiffs' Request for Entry of a Default and Brief in Support thereof (ECF Nos. 156, 158) are **STRICKEN**.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

---

[4] This document was filed at 7:43 p.m. At 7:48 p.m., Mr. Winikoff attempted to file a Brief in Support, however, he attached the wrong document. (ECF No. 157). At 7:51 p.m., Mr. Winikoff filed his intended document. (ECF No. 158).