| | | |
|---|---|---|
| DEBRA BLACK; EARL BLACK, | ) | |
| ADMINISTRATORS OF THE ESTATE | ) | |
| OF DEREK BLACK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 13-0179 |
| | ) | Judge David Stewart Cercone |
| ALLEGHENY COUNTY; ALLEGHENY | ) | Magistrate Judge Cynthia Reed Eddy |
| COUNTY CORRECTIONAL HEALTH | ) | |
| SERVICES; MIGUEL SOLOMON; | ) | |
| WILLIAM S. STICKMAN, III; DANA | ) | |
| PHILLIPS; MICHAEL PATTERSON, M.D.; | ) | |
| KIM WILSON, M.D.;CHRIS MARSH, | ) | |
| R.N.; VALERIE SLEPSKY; MEDICAL | ) | |
| STAFFJOHN AND JANE DOES 1-15; | ) | |
| CORRECTIONAL STAFF JOHN AND | ) | |
| JANE DOES 1-15 | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Motion for Sanctions against attorney Stanley Winikoff,

counsel for the Medical Defendants, pursuant to 28 U.S.C. § 1927. (ECF No. 161). For the

reasons set forth below, Plaintiffs' Motion for Sanctions will be granted.

At the close of discovery, this Court gave Plaintiffs permission to file a Second Amended

Complaint, which they did on March 19, 2014. (ECF No. 140). Therefore, in accordance with

Federal Rule of Civil Procedure 15(a)(1)(3), Defendants had until April 2, 2014 to respond.

However, Mr. Winikoff filed no response within that timeframe. Thus, on April 17, 2014,

fifteen days after the Medical Defendants' response was due, Plaintiffs filed with the Clerk of Court a Request for Entry of Default pursuant to Rule 55(a). (ECF No. 153). Approximately two hours later, Mr. Winikoff filed a Motion to Dismiss for Failure to State a Claim and Motion to Strike the Second Amended Complaint, (ECF No. 154), and a brief in support thereof. (ECF No. 155). Almost two hours after Mr. Winikoff filed said documents, he filed a separate Motion to Strike Plaintiff's Request for Entry of Default. (ECF No. 156).

On April 22, 2014, this Court entered a Memorandum Order striking the above documents filed by Mr. Winikoff, finding that they violated the Federal Rules of Civil Procedure, Local Rules of Court, and the undersigned's Chambers Rules. (ECF No. 160). The Court also noted that Mr. Winikoff's filing of the Motion to Dismiss and Motion to Strike appeared to be filed in bad faith when considering that "at this stage of the litigation, it is nonsensical for Mr. Winikoff to actually think that these documents had any merit." *Id*. at 2, n. 3. Also on April 22, 2014, Plaintiffs filed the pending Motion for Sanctions. (ECF No. 161). The following day, the Court entered a text-only Order Response/Briefing Schedule directing Mr. Winikoff to respond by April 30, 2014.

On April 23, 2014, the Clerk of Court entered Default against all of the Medical Defendants, except Miguel Salomon,[1] who had not yet been served. (ECF No. 163). On April 25, 2014, this Court held a telephone conference in which all parties participated. (ECF No. 170). During the telephone conference, the Court ruled that the entry of default against the Medical Defendants would be set aside due to the prejudice that would be experienced by Mr. Winikoff's clients, given that they had already participated in this suit for over one year and that

---

[1]  As early as April 17, 2014, when Mr. Winikoff filed the Motion to Dismiss and Strike on behalf of the Medical Defendants, he noted that Dr. Salomon's name is incorrectly captioned as "Solomon." (ECF No. 154). Mr. Winikoff has filed several documents noting this error, including his notice of appearance on behalf of Dr. Salomon (ECF No. 172), however, has not taken any steps to file a motion to amend/correct the caption.

they should not have to suffer such severe consequences because of their attorney's refusal to abide by the rules of procedure and this Court's orders. Instead, the Court made very clear that the appropriate relief for Plaintiffs was in their Motion for Sanctions against Mr. Winikoff. The Court did not relieve Mr. Winikoff of his obligation to respond to the Motion for Sanctions. Following the conference, Plaintiffs' counsel filed a Notice of Withdraw of Plaintiffs' Request for Entry of Default, (ECF No. 168), which was approved by this Court that same day. Consistent with his behavior throughout this lawsuit, Mr. Winikoff has failed to timely respond to Plaintiffs' Motion for Sanctions.

Plaintiffs request that Mr. Winikoff be sanctioned pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"The statute thus limits attorney sanctions imposed thereunder to those situations where an attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC.*, 287 F.3d 279, 288 (3d Cir. 2002) (citing *In re Prudential Ins.*, 278 F.3d at 188). "The sanctions are intended to deter an attorney from *intentionally* and unnecessarily delaying judicial proceedings, and they are limited to the costs that result from such delay. *Id.* '"[C]ourts should exercise [this sanctioning power] only in instances of a serious and studied disregard for the orderly process of justice."' *Id. (*quoting *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986).

Appling this framework, Mr. Winikoff has unquestionably "multiplied proceedings." A review of the docket demonstrates Mr. Winikoff's repeated failure to follow basic court orders and the Federal Rules of Civil Procedure. This is exemplified by Mr. Winikoff's failure to respond to the present motion before the Court in which he is subject to personal liability. This Court noted in its Memorandum Order from April 22, 2014 that

> This action was initiated on February 1, 2013. (ECF No. 1). Since then, there have been several discovery problems, causing the Court to amend numerous case management orders. Additionally, due to the conduct of the defense attorneys, the Court has had to spend countless hours on conference calls with counsel and sorting through motions to compel, motions for sanctions, and show cause hearings. While the conduct of counsel for the County Defendants has improved, the same cannot be said about the counsel for the Medical Defendants, Stanley Winikoff. Notwithstanding a myriad of orders to the contrary, Mr. Winikoff continues to disregard this Court's orders, the applicable law, federal and local rules of procedure, and professional courtesy to opposing counsel.

(ECF No. 160 at 1). By not following the appropriate procedure when filing the Motions to Dismiss and Strike (ECF No. 154) as well as the Motion to Strike the Request for Entry of Default (ECF No. 156), Mr. Winikoff has caused Plaintiffs' counsel as well as this Court to spend the time to address said filings and hold a telephone conference, thereby multiplying the proceedings. Had Mr. Winikoff followed the Federal Rules of Procedure in responding to the Second Amended Complaint or followed the appropriate procedure in seeking to have the Request for Entry of Default set aside, these multiplied proceedings could have been avoided. However, Mr. Winikoff chose to disregard all applicable rules, and file said documents just hours after the Request for Entry of Default was entered, notwithstanding the fact that his response was fifteen days late. Considering that Mr. Winikoff had no basis upon which to file said documents, the proceedings have been multiplied "unreasonably and vexatiously."

Additionally, Mr. Winikoff's conduct has certainly "increased the costs of the proceedings." Mr. Winikoff has caused Plaintiffs to experience unnecessary costs, expenses, and fees in attempting to serve Dr. Salomon. Mr. Winikoff stated to the Court that he represented Dr. Salomon. (ECF Nos. 158, 170). However, Plaintiffs produced an e-mail from Mr. Winikoff in which he denied being able to accept service for Dr. Salomon, causing Plaintiffs to incur expenses in attempting to serve him. (ECF No. 161-2). Although Mr. Winikoff would not accept service on behalf of Dr. Salomon, on April 17, 2014, he filed the Motions to Dismiss and Strike on Dr. Salomon's behalf. (ECF No. 154, 156). For that reason, the Court found at the April 25, 2014 telephone conference that Dr. Salomon had constructive notice of the Second Amended Complaint as of April 17, 2014. Plaintiffs also incurred costs, expenses, and attorneys' fees in filing the present motion for sanctions, preparing for and participating in the April 25, 2014 telephone conference, and filing the Notice of Withdraw of the Request for Entry of Default, all of which could have been avoided if Mr. Winikoff had followed the appropriate procedures and court orders.

Finally, the Court finds that Mr. Winikoff has acted in bad faith and his misconduct has been intentional. On April 24, 2014, the day before the telephone conference, Mr. Winikoff filed a document with the Court in which he asserted that he "did not become aware of the entry of default until he checked his email *after* he had already filed the Motion to Dismiss." (ECF No. 167 at 7, n.5). At the telephone conference, Mr. Winikoff again asserted that position. The Court finds Mr. Winikoff's explanation to be neither believable nor credible.

Mr. Winikoff's contention would constitute an extraordinary coincidence given that he was fifteen days late when the document was filed and it was filed two hours after Plaintiffs' filed their Request for Entry of a Default. Moreover, Mr. Winikoff filed the Motion to Strike

Plaintiffs' Request for Entry of Default a little less than two hours after he filed the Motion to Dismiss. However, Mr. Winikoff's Motion to Strike the Request for Entry of Default makes no mention that the Motion to Dismiss was filed before he was aware of Plaintiffs' Request for Entry of Default. The only logical interpretation of the events is that Plaintiffs filed the Request for Entry of Default, Mr. Winikoff got an e-mail notification of the event and immediately put together a Motion to Dismiss, and then immediately put together a Motion to Strike the Plaintiffs' Request for Entry of Default. Consequently, the Court finds that the filings from Mr. Winikoff on April 17, 2014 were in bad faith.

Further, assuming that the Court found Mr. Winikoff's contention that he filed the Motion to Dismiss and Strike before he learned of Plaintiffs' Request for Entry of Default to be credible, sanctions would nevertheless be appropriate under 28 U.S.C. § 1927. Mr. Winikoff openly admitted to intentionally disobeying the Federal Rules of Civil Procedure in filing the Motion to Dismiss and Strike, stating that it was a conscious *choice* not to file a responsive pleading to the Second Amended Complaint until after it was due. Mr. Winikoff stated that

> in light of the pending service upon Salomon, the most economical approach for filing a response to Plaintiff's Second Amended Complaint on behalf of all Medical Defendants, including Salomon, would be to file the response after service on Salomon was accomplished. In so doing, the need to plead and defend Salomon separately from the other Medical Defendants would be avoided, and result in *less* filings submitted to this Honorable Court.

(ECF No. 167 at 5). Ironically, Mr. Winikoff's unilateral decision not to respond to the Second Amended Complaint has resulted in at least twenty-six docket entries, including text-only orders.

Additionally, during the telephone conference, Mr. Winikoff separately provided the excuse that he was too busy to respond to the Second Amended Complaint.[2] The excuses provided by Mr. Winikoff, when taken as true, are nevertheless inadequate. Mr. Winikoff is aware that he could have filed a motion with this Court to extend time to file a responsive pleading in light of his stated reasons. Instead, however, he chose to ignore all applicable procedure by filing a Motion to Dismiss fifteen days late without seeking leave of court do so. Mr. Winikoff further disregarded applicable procedure by separately filing a Motion to Strike Plaintiffs' Request for Entry of Default almost immediately thereafter in contravention to Rules 55(c) and 60(b). Mr. Winikoff's conduct can only be considered by the Court to be deliberate, willful, and intentional.

This finding is informed not only by Mr. Winikoff's conduct in April 2014 regarding Plaintiffs' Request for Entry of Default and the motions that surrounded that request, but also by his continuous flouting of the rules of procedure and court orders throughout these proceedings. In a Memorandum Order from February 2014, Mr. Winikoff was instructed to "refrain from filing such unsupported motions in the future." (ECF No. 116 at 4). The Court warned Mr. Winikoff that similar behavior going forward could result in "personal sanctions for such behavior." *Id.* Since that Memorandum Order, Mr. Winikoff's has continued to violate court

---

[2] The Court notes, however, that in his response brief to the Court's Order to Show Cause regarding the Clerk's Entry of Default, Mr. Winikoff acknowledged that filing an Answer to the Second Amended Complaint would take minimal effort. Mr. Winikoff stated, "[n]otably, with the exception of the inclusion of Salomon as a named Defendant, the allegations in the Second Amended Complaint essentially overlap those of the first two complaints. As Such, the allegations of the Second Amended Complaint have already been repeatedly denied on the record, with numerous affirmative defenses thereto." (ECF No. 167 at 7). However, despite being too busy to file a document that was largely already completed, Mr. Winikoff chose to file a frivolous Motion to Dismiss and Strike that violated the Federal Rules of Civil Procedure, Local Rules of Court, and the undersigned's Chambers' Rules. *See* Memorandum Order (ECF No. 160).

orders and rules of procedure, and therefore, he shall be subject to personal sanctions for his intentional misconduct.

In conclusion, all of the criteria for sanctions under 28 U.S.C. § 1927 have been satisfied. Therefore, on or before May 13, 2014, Plaintiffs shall submit to this Court a reasonable calculation of their *excess* costs, expenses, and attorneys' fees incurred as a result of Mr. Winikoff's intentional misconduct for which he will be *personally* liable.

IT IS SO ORDERED.

May 6, 2014

By the Court:

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF