PIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BLACK; EARL BLACK, ADMINISTRATORS OF THE ESTATE OF DEREK BLACK, <br><br> Plaintiffs, <br><br> v. <br><br> ALLEGHENY COUNTY; ALLEGHENY COUNTY CORRECTIONAL HEALTH SERVICES; MIGUEL SOLOMON; WILLIAM S. STICKMAN, III; DANA PHILLIPS; MICHAEL PATTERSON, M.D.; KIM WILSON, M.D.;CHRIS MARSH, R.N.; VALERIE SLEPSKY; MEDICAL STAFFJOHN AND JANE DOES 1-15; CORRECTIONAL STAFF JOHN AND JANE DOES 1-15 <br><br> Defendants. | Civil Action No. 13-0179 <br> Judge David Stewart Cercone <br> Magistrate Judge Cynthia Reed Eddy |

**MAGISTRATE JUDGE CYNTHIA REED EDDY
REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and the Eighth Amendment of the United States Constitution by Debra and Earl Black as administrators of the estate of Derek E. Black.  Pending is a motion filed by Plaintiffs seeking to dismiss a counterclaim that was filed on behalf of Allegheny County and William Stickman, III ("County Defendants").  For the reasons set forth in the following Report, the Magistrate Judge respectfully recommends that this motion (ECF No. 151) be granted.

1

## II. REPORT

### Background

At the close of discovery, the Court allowed Plaintiffs to file a Second Amended Complaint, which they did on March 19, 2014. (ECF No. 140). On April 2, 2014, the County Defendants filed an Answer with Affirmative Defenses and a Counterclaim. (ECF No. 145). That same day, the County Defendants filed an amended document because the previous document was filed without a signature. (ECF No. 146). On April 17, 2014, Plaintiffs responded with a Motion to Dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) and a brief in support thereof. (ECF Nos. 151, 152). The County Defendants filed a Response to Plaintiffs' motion on May 2, 2014. (ECF No. 174). The Motion is now ripe to be decided.

### Standard

"A motion to dismiss a counterclaim is properly evaluated under the familiar Rule 12(b)(6) standard." *New Skies Satellites*, *B.V. v. Home2US Communications., Inc.*, 2014 WL 1292218, *4 (D.N.J. 2014). Accordingly, if the counterclaim fails to state a claim upon which relief can be granted, it must be dismissed. *Id.*

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), dismissal under Rule 12(b)(6) is appropriate if there are not "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Co. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing *Phillips*, 515 F.3d at 234–35)."

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). This standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while raising a "reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, 2008 WL 2942139, *3 (W.D.Pa. 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

**Discussion**

In response to Plaintiffs' Second Amended Complaint, the County Defendants responded by filing a counterclaim pursuant to § 1988, which Plaintiffs seek to have dismissed. Section 1988 provides that "[i]n any action or proceeding to enforce provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ." 42 U.S.C. § 1988(b). At the outset, the Court notes that regardless of whether Plaintiffs' motion is granted, Plaintiffs' acknowledge

that Defendants are entitled to seek attorneys' fees pursuant to Rule 54(d) if they are ultimately successful in this litigation. Plaintiffs' Brief in Support (ECF No. 152), at 4. Consequently, resolution of Plaintiffs' pending motion has little practical effect.

The counterclaim that Plaintiffs seek to dismiss states, "[b]ecause Plaintiffs' instant action against Allegheny County and/or Stickman is without reasonable support in fact or law, is patently unmeritorious, is frivolous, is vexatious, and cannot prevail, Defendants are entitled to judgment in their favor and against Plaintiffs," and "are entitled to an award of Defendants' costs, expenses, and attorneys' fees pursuant to 42 U.S.C. Section 1988 and all other applicable laws." Amended Answer, Affirmative Defenses, and Counterclaim (ECF No. 146), at ¶¶ 142, 143. Plaintiffs assert that it is improper to make a counterclaim for attorneys' fees under 42 U.S.C. § 1988, arguing that other federal courts, including the Fifth Circuit, have "recognized that 'on its face, § 1988 does not provide for a separate cause of action, only for recovery of attorneys' fees and expert fees to parties prevailing on certain other causes of action.'" Plaintiffs' Brief in Support (ECF No. 152), at 3 (quoting *Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 341 (2012)). Plaintiffs also cite to several district court cases throughout the country that have come to similar conclusions. *Id.* at 3-4 (citing *Singer v. Nevada ex rel. Department of Transportation*, 2011 WL 1627117, *1, n.2 (D. Nev. 2011); *Greene v. Phipps*, 2009 WL 3055232, *1, n. 1 (W.D. Va. 2009); *Gollomp v. Spitzer*, 2007 WL 433361, *7, n. 6 (N.D.N.Y. 2007); *Bascle v. Shadrall Riverside Mkt., LLC*, 2012 WL 1565301, *2 (E.D. La 2012)).

The County Defendants respond that the counterclaim "should be allowed to stand," arguing that "in various cases, not necessarily § 1983 cases, parties have asserted counterclaims for attorneys' fees and /or other costs." County Defendants' Response Brief (ECF No. 174), at

¶¶ 7, 12. However, the County Defendants have failed to cite any applicable Third Circuit precedent. The only Third Circuit case cited by the Defendants was *Itiowe v. Robert Wood Johnson Univ. Hosp. Hamilton*, 2014 WL 594323 (3d Cir. 2014). In that case, the Court noted that the defendant had asserted a counterclaim for attorneys' fees and costs against the *pro se* plaintiff, but the defendant appeared to have subsequently abandoned its claim because it requested an outright dismissal and did not file motion for attorneys' fees. *Id.* at *1, n. 2. Importantly, the Court cited to Rule 54(d)(2) as the appropriate method to request attorneys' fees. *Id.* Therefore, the County Defendants have failed to establish that their counterclaim for attorneys' fees pursuant to § 1988 was appropriate.

Both Plaintiffs and the County Defendants agree that the Third Circuit has not addressed this specific issue as to whether the defendant may bring a counterclaim for attorneys' fees pursuant to § 1988 in a § 1983 case. Plaintiffs' Brief in Support (ECF No. 152), at 3; County Defendants' Response Brief (ECF No. 174), at ¶ 18. Given the vast amount of authority from other jurisdictions cited by Plaintiffs recognizing that § 1988 does not provide for a separate cause of action, the County Defendants' counterclaim pursuant to § 1988 should be dismissed with prejudice.

The County Defendants alternatively request that in the event its counterclaim is dismissed, the Court only strike the heading "Counterclaim I," but leave in place the paragraphs pertaining to the counterclaim because they "stand on their own as denials of Plaintiffs' allegations and as defenses that Defendants intend to raise." County Defendants'' Reponse Brief (ECF No. 174), at ¶ 21. This Court recommends that said request should be denied because it would result in the document being unnecessarily confusing. Moreover, the County Defendants have made similar allegations in the Affirmative Defenses section, which consists of twenty-nine

5

paragraphs. Amended Answer, Affirmative Defenses, and Counterclaim (ECF No. 146), at ¶¶ 111-140. Therefore, the Court recommends that "Counterclaim I," which consists only of three paragraphs, be dismissed in its entirety. As already noted, the County Defendants are still able to seek attorneys' fees in connection with § 1988 pursuant to Rule 54 if they prevail in this litigation.

**Conclusion**

Based on the foregoing, the Magistrate Judge respectfully recommends that Plaintiffs' Motion to Dismiss the Counterclaim (ECF No. 151) pursuant to Rule 12(b)(6) be granted, and the counterclaim be dismissed with prejudice.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, Objections to this Report and Recommendation are due by <u>June 2, 2014</u>. Failure to timely file Objections will constitute waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

        By the Court:

        <u>s/ Cynthia Reed Eddy</u>
        Cynthia Reed Eddy
        United States Magistrate Judge

cc: all registered counsel via CM-ECF