IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BLACK; EARL BLACK, ADMINISTRATORS OF THE ESTATE OF DEREK BLACK, <br><br> Plaintiffs, <br><br> v. <br><br> ALLEGHENY COUNTY; ALLEGHENY COUNTY CORRECTIONAL HEALTH SERVICES; MIGUEL SOLOMON; WILLIAM S. STICKMAN, III; DANA PHILLIPS; MICHAEL PATTERSON, M.D.; KIM WILSON, M.D.;CHRIS MARSH, R.N.; VALERIE SLEPSKY; MEDICAL STAFFJOHN AND JANE DOES 1-15; CORRECTIONAL STAFF JOHN AND JANE DOES 1-15 <br><br> Defendants. | Civil Action No. 13-0179 <br> Judge David Stewart Cercone/ <br> Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM ORDER**

A review of the docket in this case demonstrates attorney Stanley A. Winikoff's systemic refusal to follow this Court's most basic orders as well as the Federal Rules of Civil Procedure, the Local Rules of Court, and the undersigned's Chambers' Rules. Notwithstanding an overabundance of warnings from the Court, Mr. Winikoff has consistently violated said rules and orders.

On April 22, 2014, Plaintiffs filed a Motion for Sanctions pursuant to 28 U.S.C. § 1927, seeking personal sanctions against Mr. Winikoff. (ECF No. 161). The following day, this Court entered a text-only Order Response/Briefing Schedule directing Mr. Winikoff to respond to said motion on or before April 30, 2014. Mr. Winikoff chose not to file a response. On May 6, 2014,

1

this Court entered a Memorandum Order granting Plaintiffs' motion for sanctions, finding that Mr. Winikoff's misconduct warranted personal liability under 28 U.S.C. § 1927. (ECF No. 175).[1] Plaintiffs' counsel was directed to "submit to this Court a reasonable calculation of their *excess* costs, expenses, and attorneys' fees incurred as a result of Mr. Winikoff's intentional misconduct for which he will be *personally* liable." *Id.* at 8. On May 13, 2014, Plaintiffs filed a Petition for an Award of Expenses, Costs, and Attorneys Fees, with a timesheet completed by Plaintiffs' counsel, W. Charles Sipio, and an Affidavit from attorney Ari Karpf, as well as a brief in support thereof. (ECF Nos. 176, 177). Mr. Winikoff responded on May 19, 2014, challenging Mr. Sipio's hourly rate but not the number of hours expended. (ECF No. 179). Mr. Sipio filed a Reply Brief on May 20, 2014, asserting that the submitted hourly rate is reasonable. (ECF No. 182). The pending motion has been fully briefed and is ripe for disposition.

Because Mr. Winikoff does not challenge Mr. Sipios' representation of his time expended in the petition, the Court finds that Mr. Sipios request for ten (10) hours' worth of time is reasonable. (ECF No. 176-2). Therefore, the only issue for the Court to decide is whether Mr. Sipio's requested rate of $275 per hour is reasonable. In *Sandvik Intellecutal Prop. AB v. Kennametal Inc.,* Judge McVerry explained that:

> A reasonable hourly rate is to be calculated pursuant to the "prevailing market rate" in the "relevant community." This circuit follows the "forum rate rule," in which the relevant community is generally the forum in which the suit was filed. *Interfaith Community Organization v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703–05 (3d Cir.2005); *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1187 (3d Cir.1995). The relevant rate is to be calculated at the time of the fee petition, rather than the rate at the time the services were actually performed. *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir.2001). The Court must base its decision on the record, rather than a generalized sense of what is customary or proper. *Coleman v.. Kaye*, 87 F.3d 1491, 1510 (3d Cir.1996). The rate should take into account counsel's skill and experience, the nature and complexity of the matter at issue, and should be evaluated with reference to the rates charged by comparable practitioners in the community. *Rode*, 892 F.2d at

---

[1] The Court's Memorandum Order from May 6, 2014 is incorporated herein.

> 1183. A reasonable fee is sufficient to attract competent counsel, but does not produce a windfall for the attorneys. *Pub. Interest Research Group*, 51 F.3d at 1185. Routine tasks performed by senior partners at large firms should not be billed at their usual rates. *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir.1983).
>
> A three-step, burden-shifting framework is followed. First, the party claiming fees must establish a prima facie case by producing sufficient evidence of a reasonable market rate for the essential character and complexity of the services rendered. *Lanni*, 259 F .3d at 149. The opposing party then bears the burden of producing record evidence to contest this rate. Id. Finally, if the reasonable market rate is in dispute, a hearing must be conducted. Id. However, in *Blum v. Witco*, 829 F.2d 367, 377 (3d Cir.1987), our appellate court held that a hearing is only necessary if there were disputed questions of fact.

*Sandvik Intellectual Prop. AB v. Kennametal Inc.*, 2013 WL 141193, *2, *3 (W.D. Pa. 2013). A hearing on this issue is unnecessary because there are no disputed questions of fact given that Mr. Winikoff chose not to file a response to Plaintiffs' motion for sanctions. (ECF No. 161).

Here, Mr. Sipio attached a timesheet with an hourly rate of $275.00 per hour. (ECF No. 176-2). In support of this rate, Mr. Sipio attached an Affidavit from Ari Karpf, Esquire, who opined that "a reasonable billing rate of $275.00 per hour for Mr. Sipio is appropriate based on his experience, area of expertise, and for the community within which he practices." (ECF No. 176-3 at ¶ 13). Mr. Winikoff counters that the proposed rate of $275 per hour is excessive based on the fact that Mr. Sipio is just two years removed from law school and the Karpf affidavit contemplates a rate for the Eastern District of Pennsylvania, not the Western District of Pennsylvania where the suit was filed. (ECF No. 179 at ¶¶ 8, 15-18). Mr. Winikoff attached an e-mail from Michael C. Hamilton, who represents that he is an attorney from Davies, McFarland and Carroll, LLC in Pittsburgh with thirteen years of experience in work similar to Mr. Sipio's practice, and concludes that the requested rate is too high.[2] (ECF Nos. 179 at ¶¶ 20-22; 179-4).

---

[2] Mr. Winikoff also argues that the requested rate is "entirely inconsistent with the prevailing fees for young attorneys practicing in small firms in Western Pennsylvania where the average salary is $42,000 yearly. (ECF Nos. 179 at ¶ 14; 179-3). However, a salary is distinct from the fee an attorney charges.

The Hamilton e-mail, which is not an Affidavit, does not suggest an appropriate rate for Mr. Sipio. Nonetheless, Mr. Winikoff concluded, without any basis, that "should the court determine that fees are appropriate, they should be awarded at a rate not to exceed $100 per hour for an attorney in his second year of practice."[3] (ECF No. 179 at ¶ 24). Mr. Sipio replied, arguing that the requested rate is reasonable and attached a 2012 article from *The Pittsburgh Business Times* which provided that the average associate billing rate in Pittsburgh for associate attorneys was $289.00. (ECF Nos. 182 at 2; 182-1).

The Court finds that Mr. Sipio has met his burden of producing "satisfactory evidence" that his rates are consistent with "the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Interfaith Comm. Org.*, 426 F.3d at 704. Additionally, the Court finds that Mr. Winikoff has failed to disprove that the requested rate is reasonable. Mr. Winikoff provided no supporting documentation or explanation as to why a rate of $100 for Mr. Sipio is appropriate, and therefore, the Court will disregard this proposal. Consequently, Mr. Winikoff is *personally* liable to Mr. Sipio for ten hours of work expended at a rate of $275 per hour, for a total of $2,750.

This finding is supported by the Court's independent inherent power to sanction an attorney for bad faith conduct notwithstanding 28 U.S.C. § 1927. *Chambers v. NASCO, Inc.* 501 U.S. 32, at 49-50 (U.S. 1991): *In re Prudential Ins. Co. v. America Sales Practice Litigation Agent Actions*, 278 F.3d 175, 181 (3d Cir. 2002). In the May 6, 2014 Memorandum Order, the Court found that Mr. Winikoff had acted in bad faith. (ECF No. 175 at 5-6). The Court finds

---

[3] Consistent with his behavior throughout this lawsuit, Mr. Winikoff has filed this document as if he either ignored or did not read the Court's May 6, 2014 Memorandum Order. Said order unequivocally establishes that he would be personally liable for his misconduct upon a motion from Plaintiffs for the excess costs, fees and expenses. (ECF No. 175). Nevertheless, Mr. Winikoff has stated in his response to Plaintiffs' motion for fees that "should the court determine that fees are appropriate," the rate should be $100. (ECF No. 179 at ¶ 24). This comment further demonstrates Mr. Winikoff's lack of attention and/or appreciation of the Court's orders.

that the sanctions requested by Mr. Sipio are necessary to capture Mr. Winikoff's attention considering that the Court's previous warnings and orders have not altered his behavior. Mr. Sipio has previously withdrawn a motion for sanctions against Mr. Winikoff in an effort to move this litigation along. (ECF No. 134). The May 6, 2014 Memorandum Order allowed Plaintiffs to seek recovery for the fees, costs, and expenses of attempting to serve Dr. Salomon as well as Mr. Ely's time for preparing for and participating in the telephone conference. (ECF No. 175 at 5). Although Plaintiffs' counsel was not required to do so, they chose not to include said amounts in their fee petition because they "took into consideration that Mr. Winikoff would be responsible for satisfying the sanctions personally." (ECF No. 182 at 3). The Court agrees with Plaintiffs that Mr. Winikoff has failed "to recognize the gravity of the sanctions imposed against him." *Id.* Therefore, given Mr. Winikoff's consistent unprofessional behavior, the Court finds that a sanction in the amount of $2,750 against Mr. Winikoff is clearly not excessive.

AND NOW this 30th day of May, 2014, in accordance with this Court's Memorandum Order granting Plaintiffs' Motion for Sanctions pursuant to 28 U.S.C § 1927 (ECF No. 175), which is incorporated herein, and upon consideration of Plaintiffs' Petition for an Award of Expenses, Costs and Attorneys' Fees and brief in support thereof (ECF Nos. 176, 177), the Response Brief filed by Stanley A. Winikoff, Esquire (ECF No. 179), and Plaintiffs' Reply Brief (ECF No. 182), the Court finds that the amount requested by Plaintiffs' counsel, W. Charles Sipio, is fair, reasonable, and not excessive under the circumstances. Therefore, the Court hereby ORDERS that Mr. Winikoff pay the law firm of Kolman Ely P.C. the amount of **$2,750.00.**

IT IS FURTHER ORDERED that Mr. Winikoff shall make said payment on or before **July 31, 2014.**

IT IS FURTHER ORDERED that Mr. Winikoff shall be PERSONALLY liable for the entire amount of $2,750.00 and that his clients shall not be responsible for any portion of said payment.

IT IS FURTHER ORDERED that Mr. Winikoff shall file a certificate of compliance with the Court verifying his compliance with this Order **within 1 week** from when payment is made**.**

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF