IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BLACK; EARL BLACK, ADMINISTRATORS OF THE ESTATE OF DEREK BLACK, <br><br> Plaintiffs, <br><br> v. <br><br> ALLEGHENY COUNTY; ALLEGHENY COUNTY CORRECTIONAL HEALTH SERVICES; MIGUEL SOLOMON; WILLIAM S. STICKMAN, III; DANA PHILLIPS; MICHAEL PATTERSON, M.D.; KIM WILSON, M.D.;CHRIS MARSH, R.N.; VALERIE SLEPSKY; MEDICAL STAFFJOHN AND JANE DOES 1-15; CORRECTIONAL STAFF JOHN AND JANE DOES 1-15 <br><br> Defendants. | Civil Action No. 13-0179 <br> Judge David Stewart Cercone/ <br> Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiffs' Motion to Strike the Medical Defendant's Expert Report, which was filed on May 29, 2014. (ECF No. 183). The Court held a telephone conference on May 30, 2014 in which Plaintiffs' counsel, W. Charles Sipio, Esquire, the Medical Defendants' counsel, Stanley A. Winikoff, Esquire, and the County Defendants' counsel, Paul Dachille, Esquire, participated. The conference call was electronically recorded in the courtroom.

On February 11, 2014, the Court entered an Order providing that Plaintiffs' expert reports were due on April 14, 2014, Defendants' expert reports were due on April 28, 2014, and expert depositions were to be completed by May 15, 2014. (ECF No. 113). Mr. Winikoff, however,

1

failed to comply with said deadlines and filed no motions with the Court requesting an extension of time to complete the expert reports. In addition, the Medical Defendants failed to comply with Federal Rule of Civil Procedure 26(a) regarding mandatory expert witness disclosures. (ECF No. 184 at 2). On May 29, 2014, a month after his expert report was due, Mr. Winikoff e-mailed Plaintiffs' counsel with an attachment of an expert report stating, "[t]his is a preliminary report of Dr. Lawrence Mendel in the Derek Black claim. The final report will be issued upon completion of discovery." (ECF No. 183-2). Plaintiffs now seek to prevent the Medical Defendants from relying on the Dr. Mendel report for any purpose.

Needless to say, the Court is perplexed from Mr. Winikoff's May 29, 2014 e-mail. Discovery has been closed since mid-March and Mr. Winikoff's expert report was due at the end of April. Moreover, Motions for Summary Judgment are due on June 2, 2014, two business days from the date of the e-mail.

Federal Rule of Civil Procedure 16(f) provides that "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." F. R. Civ. P. 16(f)(1)(C). Rule 37(b)(2)(A) provides, in pertinent part, that the court may enter an order:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

2

F. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

Here, the Medical Defendants *woefully* violated the Court's February 11, 2014 scheduling order. (ECF No. 113). At the May 30, 2014 telephone conference, Mr. Winikoff provided no adequate explanation for missing the deadline contained in the February 11, 2014 order. Mr. Winikoff stated that the second lawsuit filed by Plaintiffs, *Black v. Youngue*, 2:14-cv-505, complicated matters because he was using the same expert for both lawsuits. However, the Court notes that the second lawsuit was not filed until April 17, 2014, eleven days before defendants' expert deadline, and an Answer was not filed in that case until May 19, 2014. Therefore, the Court finds this excuse insufficient. *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 330 (3d Cir. 2012) (a busy caseload generally does not provide a basis for missing a deadline).

Additionally, the Court notes that Mr. Winikoff accepted "full responsibility" at the conference call and stated that the delay was his fault. Consequently, the Medical Defendants are barred from using the Dr. Mendel "preliminary report" for any purpose, including in a motion for summary judgment or at trial. *See* F. R. Civ. P. 37(b)(2)(A)(ii). The Court finds that if the Medical Defendants were allowed to use said report, Plaintiffs would be greatly prejudiced considering that the expert depositions deadline has expired and summary judgment motions are due in a few days. The February 11, 2014 order had been in place for two and a half months prior to the expiration of the defendant's expert report deadline. The Medical Defendants took no steps to notify the Court of any problems in meeting the expert report deadline, notwithstanding frequent communication with the Court during the relevant period. Such conduct is unacceptable.

The Court further finds that forbidding the Medical Defendants from using the Dr. Mendel expert report is a sufficient sanction. Therefore, although Plaintiffs have also requested monetary sanctions pursuant to 28 U.S.C. § 1927 (ECF No. 184 at 2, n.3), the Court finds that monetary sanctions are not appropriate under the circumstances.

AND NOW this 30th day of May, 2014, upon consideration of Plaintiffs' Motion to Strike Dr. Mendel's Expert Report (ECF No. 183) and brief in support thereof (ECF No. 184), as well as Mr. Winikoff's explanation at the telephone conference, IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED. The Medical Defendants shall be precluded from referencing or relying on Dr. Mendel's expert report for any purpose.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF