IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BLACK; EARL BLACK, ADMINISTRATORS OF THE ESTATE OF DEREK BLACK, | )<br>)<br>)<br>) |
| Plaintiffs, | ) 2:13cv179<br>) Electronic Filing<br>) |
| v. | ) Judge David Stewart Cercone<br>) Magistrate Judge Cynthia Reed Eddy<br>) |
| ALLEGHENY COUNTY; ALLEGHENY COUNTY CORRECTIONAL HEALTH SERVICES; MIGUEL SOLOMON; WILLIAM S. STICKMAN, III; DANA PHILLIPS; MICHAEL PATTERSON, M.D.; KIM WILSON, M.D.;CHRIS MARSH, R.N.; VALERIE SLEPSKY; MEDICAL STAFFJOHN AND JANE DOES 1-15; CORRECTIONAL STAFF JOHN AND JANE DOES 1-15 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

This action was commenced February 1, 2013, and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C § 636(b)(1), and the Local Rules of Court for Magistrate Judges. At the close of discovery, with permission from the magistrate judge, Plaintiffs filed a Second Amended Complaint. (ECF No. 140). The County Defendants timely responded by filing an Answer with Affirmative Defenses and Counterclaim. (ECF No. 146). Plaintiffs responded to the Counterclaim by filing a Motion to Dismiss for failure to state a claim. (ECF No. 151). The County Defendants responded to said Motion to Dismiss on May 2, 2014. (ECF No. 174).

On May 16, 2014, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 178), recommending that Plaintiff's Motion to Dismiss the Counterclaim be granted. The County Defendants filed objections to the R&R on May 20, 2014 (ECF No. 181), to which Plaintiff's responded on June 3, 2014, (ECF No. 193).

When objections to a report and recommendation have been filed, under 28 U.S.C. § 636(b)(1), the court must make a *de novo* determination of those portions of the report to which objections are made. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

The County Defendants first argue that the magistrate judge erred in issuing the R&R because "[i]t appears the Third Circuit has not disallowed counterclaims for attorneys' fees and costs under § 1988(b)." In support of this argument, however, the County Defendants cite to no authority in our circuit stating that a party may bring a counterclaim under 42 U.S.C. § 1988. Likewise, as Plaintiffs have argued, the other courts of appeals that have addressed this issue have all held that § 1988 does not provide for a separate cause of action and have dismissed similar counterclaims. This is consistent with the Supreme Court's holding in *Moor v. Alameda County*, 411 U.S. 693, 703-704 (1973) that § 1988 does not create an independent federal cause of action, but instead is a complement to acts which constitute federal causes of action, such as § 1983. Therefore, the magistrate judge did not err in recommending that the counterclaim for attorneys' fees under § 1988 be dismissed. Because the appropriate avenue to seek attorney's fees under § 1988 is through motion via Federal Rule of Civil Procedure 54(b) after the party has "prevailed," the County Defendants are not permitted to argue this issue to the jury. *See Tunstall v. Office of Judicial Support of Court of Common Pleas*, 820 F.2d 631, 633 (3d Cir. 1987)

2

(providing that in order for the Defendant to be liable under § 1988, it must first be liable under § 1983).

In the alternative, the County Defendants requested that if the Court dismisses the counterclaim, the paragraphs contained within the counterclaim should be allowed to remain in the document because they "stand on their own as denials for Plaintiffs' allegations and as defenses that Defendants intend to raise." (ECF No. 174 at ¶ 21). The magistrate judge recommended that this request also be denied, stating that "it would result in the document being unnecessarily confusing" and noting that the County Defendants "have made similar allegations in the Affirmative Defenses section, which consists of twenty-nine paragraphs." (ECF No. 178 at 5-6). The County Defendants objected to this portion of the R&R as well, contending that said paragraphs should be allowed to remain in place because they "constitute denials of the Plaintiffs' claims, serve as affirmative defenses, and merely request relief to which Defendants will be entitled should they prevail in this action," and that it "would not cause the Amended Answer to be confusing." (ECF No. 181 at ¶ 14). The Court rejects the County Defendants' arguments and agrees with the reasoning of the magistrate judge. Therefore, the counterclaim, including the paragraphs contained within it (ECF No. 146 at ¶¶ 141-143), shall be dismissed with prejudice.

After de novo review of the pleadings and documents in this case, together with the Report and Recommendation, the following order is entered:

**AND NOW** this  5th  day of September, 2014,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss the Counterclaim (ECF No. 151) is **GRANTED,** and the Counterclaim (ECF No. 146 at ¶¶ 141-143) is dismissed in its entirety with prejudice.

3

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 178) dated May 16, 2014, is **ADOPTED** as the Opinion of the Court.

_____
David Stewart Cercone
United States District Judge

cc: Honorable Cynthia Reed Eddy,
    United States Magistrate Judge
Timothy M. Kolman, Esquire
W. Charles Sipio, Esquire
Wayne A. Ely, Esquire
Andrew F. Szefi, Esquire
Lee M. Dellecker, Esquire
Paul R. Dachille, Esquire
Stanley A. Winikoff, Esquire

(*Via CM/ECF Electronic Mail*)