IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA BLACK; EARL BLACK, *Administrators of the Estate of* DEREK E. BLACK, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 2:13-cv-0179 |
| ALLEGHENY COUNTY; ALLEGHENY CORRECTIONAL HEALTHSERVICES; WILLIAM STICKMAN, III; DANA PHILLIPS; MICHAEL PATTERSON, M.D.; KIM MIKE-WILSON, R.N.; CHRIS MARSH, R.N.; VALERIE SLEPSKY, | ) ) ) ) ) ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) | |

**MEMORANDUM ORDER REGARDING PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 (ECF No. 201)**

On July 11, 2014, Plaintiffs filed the present motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 (ECF No. 201) in connection with the Medical Defendants' motion for summary judgment (ECF No. 190). On that same day, the Court entered a text-only Order Response/Briefing Schedule making the Medical Defendants' response due July 18, 2014. The Medical Defendants missed said deadline, and thus, the motion will be decided without the benefit of their response.[1] For the reasons which follow, Plaintiffs motion is denied.

"Rule 11 sanctions may be awarded in exceptional circumstances in order to 'discourage plaintiffs from bringing baseless actions or making frivolous motions.'" *Bensalem Twp. v. Int'l*

---

[1] On August 6, 2014, the Medical Defendants filed a response to the motion (ECF No. 223) and a brief in opposition to the motion (ECF No. 224). On August 7, 2014, the Medical Defendants filed a motion to amend/correct the Court's July 18, 2014 Order (ECF No. 225), which the Court denied the next day. (ECF No. 227). Thus, the Court will not consider ECF Nos. 223 or 224, as they are untimely.

1

*Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (quoting *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988)). "The Rule imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing." *Id.* (citing *Business Guides, Inc. v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 551 (1991)). "An inquiry is considered reasonable under the circumstances if it provides the party with an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Id.* (internal quotations and citation omitted).

Plaintiffs contend that the motion for summary judgment violates Rule 11(b)(1) and (2), which provide:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

Fed. R. Civ. P. 11(b)(1), (2).

Plaintiffs contend that "[t]he specific conduct of the Medical Defendants that violates Rule 11 is as follows:

> 1. Filing a motion for summary judgment that ignores the factual findings and the opinions set forth in Plaintiffs' expert medical report, *which is unrebutted by the medical defendants in this case;*
>
> 2. Filing a motion for summary judgment that ignores the undisputed facts adduced in this matter;

> 3. Filing a motion for summary judgment that ignores the law applicable to this matter;
>
> 4. Filing a motion for summary judgment that disregards the numerous issues of genuine material fact that exist as to the liability of all or certain of the Medical Defendants;
>
> 5. Filing a motion for summary judgment that contains misrepresentations of fact as to all or certain of the Medical Defendants;
>
> 6. Filing a motion for summary judgment that contradicts admissions of certain of the Medical Defendants.
>
> 7. Filing a motion for summary judgment as part of a longstanding pattern of meritless, retaliatory and sanctionable filings intended to harass and burden Plaintiffs."

(ECF No. 202 at 2-3). Consequently, Plaintiffs request that their counsel be permitted to "submit a bill of costs detailing the time expended on the drafting of Plaintiffs' Motion for Fed.R.Civ.P. 11 Sanctions, researching and drafting a response to the meritless Motion for Summary Judgment, and any other legal work necessitated by the filing of the Motion for Summary Judgment." (ECF No. 201-1 at ¶ 5).

The Court finds that Rule 11 sanctions against the Medical Defendants are not warranted and that imposition of sanctions under the circumstances would do nothing more than impermissibly shift the fees in this case. *See Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987) ("Rule 11 sanctions should not be viewed as a general fee shifting device."). While the Court noted in its Memorandum Opinion that the Medical Defendants' motion was "replete" with genuine issues of material fact, the Court does not conclude that the motion was filed for an improper purpose or that their legal arguments were so frivolous to be deserving of sanctions. *See* Fed. R. Civ. P. 11(b)(1), (2). In many instances, the Medical Defendants argued that even if a fact was disputed, it was not material and that many of the Defendants were still entitled to judgment as a matter of

law. This approach, while rejected by the Court, was not so unreasonable under the circumstances such that the Medical Defendants deserve to be sanctioned. Moreover, although the bulk of the Medical Defendants' motion was denied, the Court adopted their reasoning in dismissing certain claims.

**AND NOW**, this 30th day of October, 2014, having considered Plaintiffs' Motion for Rule 11 Sanctions (ECF No. 201) and Brief in Support thereof (ECF No. 202), **IT IS HEREBY ORDERED** that said motion is **DENIED**.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF