IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBRA BLACK, et al.,                              )
                                                  )
        Plaintiffs,                               )
                                                  )
        v.                                        )        Civil Action No. 13-179
                                                  )
ALLEGHENY COUNTY, et al.,                         )        United States Magistrate Judge
                                                  )        Cynthia Reed Eddy
        Defendants.                               )
                                                  )

**ORDER**

Pending before the Court is the Medical Defendants' motion to consolidate cases for trial. (ECF No. 245). Defendants request that the Court consolidate this case, ("Black I"), as well as the related action, *Black v. Youngue*, Civ. No. 14-505 ("Black II"). Plaintiffs responded to said motion, objecting to consolidation. (ECF No. 250). For the reasons which follow, the Medical Defendants' motion for consolidation will be **DENIED**.

As the parties agree, courts have broad discretion when considering whether to consolidate two actions. *Gonzalez v. Owens Corning*, 2013 WL 5436963, *2 (W.D.Pa. 2013). Federal Rule of Civil Procedure 42(a) provides the following:

> (a) **Consolidation**. If actions before the court involve a common question of law or fact, the court may:
>
>> (1) join for hearing or trial any or all matters at issue in the actions;
>>
>> (2) consolidate the actions; or
>>
>> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). When considering such a motion, the court "should weigh the benefits of judicial economy against the potential for new delays, expense, confusion or prejudice." *Gonzales*, 2013 WL 5436963, at *3 (citations and internal marks omitted).

1

The Medical Defendants, as the moving party, carry the burden in convincing the Court that consolidation is appropriate. *Id.* at *2. Their motion, however, does not acknowledge that the Court does not have jurisdiction to consolidate these actions. While the parties have consented to the undersigned to conduct all proceedings and order the entry of final judgment in Black I pursuant to 28 U.S.C. § 636(c), (ECF Nos. 22, 23, 228), the undersigned does not have the consent of all parties to conduct a jury trial in Black II. Therefore, because the Court is without jurisdiction to conduct a trial in Black II, the Court is unable to grant the Medical Defendants' request.

Moreover, even assuming that the Court had the ability to consolidate these actions, denial of the motion would nonetheless be appropriate, as Plaintiffs raise valid concerns in their response brief. Indeed, Plaintiffs would experience prejudice if the cases were consolidated because the Medical Defendants are prohibited from using an expert in Black I as a sanction for ignoring the expert deadline, but may use an expert in Black II. The Court agrees with Plaintiffs that the jury would have difficulty considering the Medical Defendants' expert for only two of the Defendants while disregarding the same testimony for the remaining Defendants. Therefore, the dangers of confusion and prejudice would outweigh the benefits of judicial economy in this case. Allowing consolidation would essentially result in the Medical Defendants being able to avoid the sanction imposed upon them for blatantly disregarding one of the Court's Orders, which the Medical Defendants, through their counsel, have done throughout the entire duration of the litigation in Black I. Any extra costs that the Medical Defendants bear for litigating two cases is self-imposed.

**AND NOW**, this 20th day of April, 2015, **IT IS HEREBY ORDERED THAT** the Medical Defendants' Motion for Consolidation (ECF No. 245) is **DENIED.**

**IT IS FURTHER ORDERED THAT** all obligations and deadlines set forth in the Pretrial Order from December 3, 2014 (ECF No. 240) remain in effect.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF