IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BLACK, et al., | ) |
| | ) Civil Action No. 13-179 |
| Plaintiffs, | ) |
| | ) |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| ALLEGHENY COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANUM ORDER DENYING THE MEDICAL DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 252) OF THE MAY 30, 2014 ORDER (ECF NO. 186)**

Before the Court is the Medical Defendants' Motion for Reconsideration (ECF No. 252) of the Court's Order from May 30, 2014 ("the Order"), (ECF No. 186), which ordered that the Medical Defendants are precluded from referencing or relying on Dr. Mendel's expert report for any purpose, including trial. The Medical Defendants argue that the Court should vacate said Order because it is "grossly disproportionate" to the underlying conduct and is unwarranted under Third Circuit precedent. (Medical Def.s' Br. in Supp. at 4-5, ECF No. 253). Because the Medical Defendants' motion is without merit, it will be denied.

At the outset, the Court notes that this motion appears to be directed to a District Judge. Under the blank signature line on the attached proposed order, it says "United States District Judge." (ECF No. 252-1). Additionally, in the brief in support, the Medical Defendants state that "the court should reconsider the May 30, 2014 Memorandum Order issued by Judge Eddy" and also refer to Judge Eddy by name in footnote 3. (ECF No. 253 at 1, 3). Although the undersigned did not have full consent of the parties at the time that the Order was entered, as Judge Cercone was the District Judge assigned to the case, the undersigned has had full consent in this case since August 21, 2014. (ECF Nos. 21, 22, 228). Accordingly, pursuant to 28 U.S.C.

§ 636(c), the undersigned has full "authority over dispositive motions" and the authority to enter "final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003); *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d 530, 535 (M.D. Pa. 2007). Therefore, to the extent that the Medical Defendants are attempting to appeal this Order to a District Judge, that attempt is invalid. There is no longer a District Judge on this case and the matter has been scheduled for trial with the undersigned since December 3, 2014.

Had the Medical Defendants followed the appropriate procedure at the time that the Order was entered, they could have filed objections to be reviewed by Judge Cercone. Under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72.C., a party may challenge a Magistrate Judge's nondispositive order, such as the one entered on May 5, 2014, by filing objections to a District Judge within fourteen days of the date of entry. The District Judge then reviews the nondispositive order to determine whether it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, "[a] party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Despite the fourteen day time period to object to nondispositive orders, the Medical Defendants have once again disregarded the applicable rules of procedure, and waited almost eleven months before complaining about the Order. Consequently, their motion is untimely and they may not now assign as error a defect in the Order to which they did not timely object. *See United Steelworkers of America, AFL-CIO v. New Jersey Zinc. Co., Inc.*, 828 F.2d 1001, 1007-1008 (3d Cir. 1987) (holding "that parties who wish to preserve their objections to a magistrate's order entered pursuant to 28 U.S.C. § 636(b)(1)(A) must file their objections in the district court within [fourteen] days as set forth in Fed. R. Civ. P. 72(a)"); *Kalick v. United States*, --- Fed. App'x. ---, 2015 WL 1036818, *4 (3d Cir. March 11, 2015) ("When [a party] did not properly seek review

of the Magistrate Judge's order under the procedures specified by the local rules, he deprived the District Court of the opportunity to correct any errors; such an action is wasteful of scarce judicial resources … Accordingly, his contention concerning the [Magistrate Judge's nondispositive] order is forfeited and we will not review it.") For this reason alone, the motion is appropriately denied.

Nonetheless, the Court will further explain why the Medical Defendants' motion lacks merit. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Such a motion should be granted if the movant establishes at least one of the following factors: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available at the time of the Order; or (3) the need to correct a clear error of law or to prevent manifest injustice. *Quinteros*, 176 F.3d at 677 (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Medical Defendants argue that this Court should vacate the Order pursuant to the third factor – to correct a clear error of law or to prevent a manifest injustice. Motions for reconsideration should only be granted "sparingly." *Velazquez v. UPMC Bedford Memorial Hosp.*, 338 F. Supp.2d 609, 611 (W.D. Pa. 2004).

As noted *supra*, the Medical Defendants seek to disturb the Order which was entered almost eleven months ago. Because the Medical Defendants disregarded the Court's scheduling Order from February 11, 2014 pertaining to the expert deadline, the Court ordered that the Medical Defendants are prohibited from using an expert for any purpose, including trial. (The Order, ECF No. 186). A trial court may exclude expert testimony "'because of the failure of counsel to adhere to a pretrial order.'" *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719

(3d Cir. 1997) (quoting *Semper v. Santos*, 845 F.2d 1233, 1238 (3d Cir. 1988). The Third Circuit has set forth the following factors to be considered:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness in failing to comply with the district court's order.

*Id.* (quotations omitted). Additionally, because the exclusion of critical evidence is an extreme sanction, a trial court should not impose such a sanction absent a showing of willful deception or "flagrant disregard" of a court order by the proponent of the evidence. *Id.*

Although the Order does not explicitly state that the Medical Defendants' conduct was in "bad faith" or constituted a flagrant or "willful disregard," as the Medical Defendants note, the Court did observe that they "*woefully* violated" the scheduling order. (The Order at 3, ECF No. 186). Specifically, the Court noted that the scheduling order had been in place for two and a half months, that the Medical Defendants had frequent communication with the Court between when the scheduling order was entered and the expert deadline, and that the Medical Defendants never took any steps to notify the Court of any problems in meeting this deadline. (*Id.*). Moreover, given the history of this case, and the Medical Defendants' systemic disregard of this Court's Orders, it was unnecessary in this specific Order to state the words "bad faith" or "willful disregard."

Indeed, a cursory review of the docket displays that the Medical Defendants, through their counsel, Stanley Winikoff, have failed to follow the Court's Orders throughout the duration of this litigation:

- Order to Show Cause from 12/02/2013 (ECF No. 73) and Show Cause Hearing on 12/13/2013;

4

- Hearing Memo regarding Motions for Sanctions dated 02/03/2014 (ECF No. 108);

- Order granting Motion for Sanctions on 02/11/2013, effective 02/03/2013 (ECF No. 113);

- Memorandum Order dated 02/12/2014 (ECF No. 116) (In footnote 1, the Court found Mr. Winikoff's "tactics to be unprofessional." Mr. Winikoff was reprimanded by the Court for attempting to have the Court enforce a facially invalid subpoena which did not provide appropriate notice or provide a witness fee. The Court also noted that the Medical Defendants' motion for fees and expenses was "baseless," and instructed Mr. Winikoff "to refrain from filing such unsupported motions in the future.");

- Hearing Memo from Motion Hearing held on Motion for Sanctions on 02/14/2014 (ECF No. 118);

- Text-Only Minute Entry for Telephone Conference regarding discovery disputes dated 02/28/2014;

- Minute Entry from Telephone Conference on 03/06/2014 (ECF No. 133) (The Court noted that Mr. Winkioff still had not provided Plaintiffs with initial disclosures despite being ordered "to do so several times, including at the telephone conference that took place on February 28, 2014." Mr. Winikoff was advised that failure to comply would result in sanctions to both Mr. Winikoff personally as well as his client. Mr. Winikoff was also warned that he would face sanctions if he failed to comply with the Court's directives from February 3, 2013);

- Minute Entry for Telephone Conference on 03/28/2014 (noting that Mr. Winikoff did not answer his telephone for the scheduled telephone conference);

- Memorandum Order dated 04/22/2014 (ECF No. 160) (The Court noted that this case has presented "several discovery problems, causing the Court to amend numerous case management orders. Additionally, due to the conduct of the defense attorneys, the Court has had to spend countless hours on conference calls with counsel and sorting through motions to compel, motions for sanctions, and show cause hearings. While the conduct of counsel for the County Defendants has improved, the same cannot be said about the counsel for the Medical Defendants, Stanley Winikoff. Notwithstanding a myriad of orders to the contrary, Mr. Winikoff continues to disregard this Court's orders, the applicable law, federal and local rules of procedure, and professional courtesy to opposing counsel." The Court struck the Medical Defendants' Motion to Dismiss and Strike and supporting Brief (ECF Nos. 154, 155) and Motion to Strike Plaintiff's Request for Entry of Default and supporting brief (ECF Nos. 156, 158) for failing to comply with the Federal Rules of Civil Procedure, the Local Rules of Court, and the undersigned's Chambers Rules. The Court also observed that the documents **appeared to be filed in bad faith** (n. 3)).
- Text-Only Order from 04/23/2014 (The Court struck a letter motion filed by Mr. Winikoff pursuant to the undersigned's Chambers Rules. The letter was also faxed to Chambers and the Court noted that "Mr. Winikoff has been Ordered several times to refrain from faxing such documents to Chambers.").
- Minute Entry from Telephone Conference held 4/28/2014 (ECF No. 170) (It was discussed that Mr. Winikoff had refused to accept service of process of the Second Amended Complaint on behalf of Dr. Salomon despite representing Dr. Salomon in a deposition and filing motions on his behalf).

- Memorandum Order dated 05/06/2014 (ECF No. 175) (Plaintiffs' Motion for Sanctions pursuant to 28 U.S.C. § 1927 was granted. The Court found that Mr. Winikoff's conduct had (1) multiplied proceedings (2) unreasonably and vexatiously (3) thereby increasing the cost of the proceedings (4) **with bad faith or intentional misconduct**.)

- Memorandum Order dated 5/30/2014 (ECF No. 186) (This Order is the subject of the Medical Defendants' present motion for reconsideration. The Court sanctioned Mr. Winikoff pursuant to Federal Rules of Civil Procedure 16 and 37 for failing to adhere to the Court's deadlines, which had already been altered four other times. Because the Medical Defendants had "woefully disregarded" said Order setting forth expert deadlines, the Court sanctioned the Medical Defendants by prohibiting them from using an expert for any purpose.).

- Order dated 08/08/2014 (ECF No. 227) (noting in a footnote that Mr. Winikoff's representation to the Court that he had a conference with Judge Cercone on 08/07/2014 was contradicted by Judge Cercone's Chambers. The undersigned's staff was informed by Judge Cercone's staff that no such conference was ever scheduled. The Court also struck an Errata Brief filed by the Medical Defendants, which was submitted 63 days after it was due, and was submitted without permission from the Court and which contained exhibits not included in the original brief).

Accordingly, when considering the totality of Medical Defendants' conduct throughout this litigation, it is perfectly clear that their failure to comply with the expert deadline was not simply an isolated occurrence. Rather, it was the result of bad faith and a flagrant disregard of the Court's Order by a proponent of the evidence. *See Konstantopoulo*, 112 F.3d at 719. In light of the Medical Defendants' persistent refusal to obey this Court's Orders, and despite

multiple sanctions hearings, Orders, and instructions from the Court to refrain from engaging in unprofessional behavior and bad faith, the Medical Defendants disregarded the expert deadline. Moreover, given the fact that the case management order had already been amended a total of four times, the Court had repeatedly emphasized that the deadlines in the February 11, 2014 Order would not be altered. As a result, the Medical Defendants shall not be excused from failing to comply with this deadline.

Although the Court recognizes that this sanction is severe, it is directly proportionate to the severity of the Medical Defendants' conduct in this litigation. The Medical Defendants request that the Court vacate this sanction, stating that the "allegations of this case involve the death of a young man, and it goes without saying that Plaintiffs are seeking considerable damages." (Def.s' Br. in Supp. at 5, ECF No. 253). But these same serious allegations have existed the entire time that the Medical Defendants were flouting Court Orders and acting in an unprofessional manner towards Plaintiffs. As demonstrated from the above timeline of this case, the Court's monetary sanctions and instructions to the Medical Defendants to follow Orders were not effective. Therefore, the sanction of preventing the Medical Defendants from using an expert when they missed the expert deadline was, and still is, an appropriate sanction under the extraordinary circumstances of this case.

Additionally, the Medical Defendants' position that any prejudice that Plaintiffs may have suffered at the time the Order was originally entered has been since cured because they have had the opportunity to depose the expert is without merit. As the Plaintiffs assert, the deposition of the expert in the related case, *Black v. Yongue*, Civ. No. 14-505, "was confined to issues relating *only* to that case and the liability of the defendants therein." (Pl.'s Br. in Opp'n at 3, ECF No. 254). Indeed, none of the Defendants in this case are Defendants in *Black v. Yongue*.

8

The Court agrees with Plaintiffs that they "would be prejudiced if the Medical Defendants are permitted to introduce [the expert's] testimony and report at trial." (*Id.*). Because the Court has repeatedly reminded the parties that this sanction will not be modified, and the Medical Defendants have waited almost eleven months (and just 5 days before the parties' obligations in the Pretrial Order are starting to become due), vacating the Order and allowing the Medical Defendants to use an expert would prejudice Plaintiffs.

Lastly, even when assuming for the sake of argument that the Plaintiffs would not suffer any prejudice if the Medical Defendants used an expert, the Medical Defendants' conduct throughout this entire case has been so egregious that their bad faith and flagrant disregard of the Court's Orders, including missing the expert deadline, alone justifies this sanction. When considering all of the Court's prior warnings, Orders, and emphasis that the deadlines would not be altered, and the Medical Defendants' continued refusal to obey the same, this sanction is not only warranted, it is necessary. The Medical Defendants may not now escape the consequences of their inexcusable conduct that has occurred throughout this entire case.

**AND NOW,** this 24th day of April, 2015, **IT IS HEREBY ORDERED THAT** the Medical Defendants' Motion for Reconsideration (ECF No. 252) is **DENIED**.

**IT IS FURTHER ORDERED** that all of the deadlines and obligations set forth in the Pretrial Order (ECF No. 240) remain in effect.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF