## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA BLACK, et al., | ) | |
| | ) | Civil Action No. 13-179 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| ALLEGHENY COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING PLAINTIFFS' MOTIONS TO STRIKE (ECF NOS. 267, 271) THE OBJECTIONS FILED BY THE MEDICAL DEFENDANTS (ECF NOS. 266, 270)

On May 4, 2015, the Medical Defendants filed Objections (ECF No. 271) to the Court's Order denying their motion to consolidate the above-captioned matter ("Black I") and the related case, *Black v. Youngue*, Civ. No. 14-505 ("Black II"), which is assigned to Judge Cercone. In these Objections, the Medical Defendants agree that the undersigned did not have the authority to consolidate the cases in light of the election of the District Judge Option in Black II and agree that only Judge Cercone had the authority to consolidate the cases. But for some inexplicable reason, the Medical Defendants filed these Objections on this docket just hours *after* Judge Cercone denied their request to consolidate the cases in Black II.[1] The Medical Defendants, pursuant to 28 U.S.C. § 636(b), state that they "are filing Objections to preserve their objections to the remainder of the Magistrate Judge's Order," (ECF No. 266 at 3), which found that even if the court had jurisdiction to consolidate the cases, the motion would nonetheless be denied. (ECF No. 251).

---

[1] Judge Cercone denied the Medical Defendants' motion to consolidate in Black II at 10:22 AM. (Black II, ECF No. 50). These Objections were filed later that evening at 7:04 PM. (Black I, ECF No. 266).

However, as recently explained by this Court in a Memorandum Order dated April 24, 2015, "to the extent that the Medical Defendants are attempting to appeal this Order to a District Judge, that attempt is invalid" because the undersigned has had full consent in this case under 28 U.S.C. § 636(c) since August 21, 2014. (ECF No. 255). The same holds true here. There is no basis for the Medical Defendants to file these unsolicited Objections pursuant to 28 U.S.C. § 636(b). Plaintiffs correctly note that the Objections are "procedurally improper, inappropriate and inefficient." (Pl.'s Br. in Supp. of Mot. to Strike at 3, ECF No. 3). Accordingly, the Court will grant Plaintiff's motion to strike (ECF No. 267) the Medical Defendants Objections dated May 4, 2015 (ECF No. 266).

On May 5, 2015, the Medical Defendants filed another set of Objections (ECF No. 270) pertaining to the denial of the Medical Defendants' motion for reconsideration (ECF No. 255). In these Objections, the Medical Defendants once again ignore the fact that the undersigned has full consent in this case and that there is not a District Judge assigned to it. Therefore, their attempt to appeal this Order to a District Judge pursuant to 28 U.S.C. § 636(b) is unwarranted and procedurally unfounded. Consequently, the Court will grant Plaintiff's motion to strike (ECF No. 271) the Medical Defendants' Objections dated May 5, 2015 (ECF No. 266).


**AND NOW**, this 7th day of May, 2015, in accordance with the foregoing, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Strike (ECF No. 267) the Objections dated May 4, 2015 (ECF No. 266) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Strike (ECF No. 271) the Objections dated May 5, 2015 (ECF No. 270) is **GRANTED.**

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF